OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Petitioner owns one acre of class 4 property in Oyster Bay, Nassau County. From 1977 until 1986, when all class 4 property was revalued and reassessed, petitioner’s property was assessed at $64,750 (8% of the stated value of its land and building). In 1986, the property was valued at $1,377,300— $1,000,000 for the land and $377,300 for the building, and the assessment set at $110,200. Petitioner filed a tax certiorari proceeding, alleging inequality and overassessment. The parties entered into a settlement stipulated to be for the tax years 1986 and 1987, reducing the assessment to $92,200 and $99,200, respectively.
As respondents concede, when the handwritten property record cards were transferred to the computer in 1986, petitioner’s property was erroneously described as four acres. Based on this error, on August 23, 1990, petitioner sought a refund and recalculation for 1989 and 1990, which remained $99,200 with each acre valued at $250,000, for a total land *840 value of $1,000,000. Respondent Board denied petitioner’s demand on the ground that calculation of the tax owed for 1989 was based on the settlement stipulation, not the erroneous acreage. The Department of Assessment, however, corrected the acreage error and also changed petitioner’s land value from $1,000,000 for four acres to $609,840 for the single acre, and applying the percentage to the stated value of petitioner’s land and building calculated petitioner’s 1990 assessment as $99,200.
In its ensuing CPLR article 78 proceeding, petitioner supported its claim of "error of essential fact” under RPTL 550 (3) (c) by pointing to the property cards for 11 neighboring class 4 properties, all assessed in 1989 and 1990 at $250,000 per acre. Respondent introduced no evidence or argument to support the new stated valuation of $609,840 for petitioner’s single acre. As the trial court concluded, the "various exhibits submitted by petitioner consisting of property cards of properties located in the general vicinity as the subject property (including four adjacent properties) clearly demonstrate!)!] that petitioner is entitled to the relief that it seeks.” The Appellate Division reversed, determining that because the tax was calculated on the stipulated settlement the acreage error was not considered in valuing the property. We now reverse.
The undisputed evidence, including the value of nearby properties, supported the trial court’s conclusion that in this case the acreage error affected calculation of the assessment and the tax owed. We agree, further, with the trial court that reliance on the parties’ stipulation was unavailing here, as petitioner’s challenge was to years not previously settled.